On Motion for Rehearing

WARNER, J.
The wife requests that we reconsider our ruling with respect to bridge-the-gap alimony, maintaining that the evidence presented to the trial court did not mandate a finding that the wife would make $40,000 as a massage therapist. We have re-examined the testimony and the trial court’s findings and agree with her that we may have intruded too much into the trial court’s discretion in determining that the court should have imputed $40,000 in income to the wife. However, the evidence showed that the wife could make $25,000 based upon part-time work, and the court clearly expected her to work full-time, there being no necessity for the wife maintaining only part-time work. In addition, the wife was also a trained paralegal who in the past had earned $35,000 per year. We still conclude that the court should have imputed more than $25,000 in income to the wife, as the undisputed evidence shows that she has the skills and jobs are available which would offer her full-time work at a level higher than that imputed by the court.
We therefore amend our opinion to reverse the bridge-the-gap alimony and remand for reconsideration of the imputed income to the wife. This will also entail re-computing both the amount of bridge-the-gap alimony as well as child support. It appears that in calculating the amount of bridge-the-gap alimony, the court did not take into account the amount of income the wife would earn. The court simply awarded her permanent and bridge-the-gap alimony sufficient to cover the entire amount of her expenses for three years, disregarding the amount of income she could earn presently with her various skills.
To this extent we grant the motion for rehearing.
GROSS, C.J., and FISHMAN, JANE D., Associate Judge, concur.